STATE OF MONTANA, ex rel. JACK A. GILLESPIE, Relator, v. The DISTRICT COURT OF THE TENTH JUDICIAL DISTRICT of the State of Montana, in and for the COUNTY OF JUDITH BASIN, Respondent.

No. 10593

Submitted June 11, 1963. Decided June 19, 1963.

382 P.2d 918.

E. F. Gianotti, Great Falls, for relator.

Paul J. Murphy, Stanford, for respondent.

PER CURIAM.

Original proceeding.

On May 9, 1963, an affidavit for a writ of mandate was forwarded to this court by mail. On May 15 certain papers, consisting of the original district court file, were transmitted to this court by mail.

From such papers it appeared that an information had been filed against Kenneth Franklin in the district court of Judith Basin County on July 10, 1961, charging defendant with assault in the second degree; that following arraignment defend-

ant was released on bail; that the trial was thereafter set for April 22, 1963, and no postponement of such trial had been made on application of the defendant; that on April 10, 1963, motion to dismiss for failure to bring the cause to trial within six months after its filing pursuant to section 94-9501, R.C.M. 1947, was filed, which motion was denied by the court on the ground it was untimely. Further that no appeal lies from such denial and relator has no plain speedy or adequate remedy in the course of law.

On May 21, 1963, an order to show cause was issued herein directing the district court to annul, vacate and set aside its order of April 29, 1963, by which it denied the motion to dismiss, or appear and show cause before this court on June 11, 1963, why it had not done so.

On the return day, June 11, respondent court appeared by counsel and filed its answer and return; no appearance was made on behalf of the relator.

In this cause the relator is the moving party and in response to his application the order to show cause was issued. The respondent appeared, showing cause why it had not annulled its order of April 29, 1963, alleging therein that this action was improperly brought in that it was not instituted by the defendant Kenneth Franklin; that the respondent court in the exercise of its discretion had good cause to deny the motion; that the motion was not timely; that the defendant Kenneth Franklin was and is a fugitive; that the relator has not established a clear legal right in himself for the relief requested or the clear violation of a legal duty by the respondent court; and that the proceeding here seeks to control the discretion of the respondent court.

Rule IV, § 8, of the Rules of the Supreme Court provides:

"8. *Hearing. When had.* Unless otherwise ordered the hearing shall be had at the time fixed for the return. At or prior to the said return time the opposing party shall serve and file, without waiver, any and all pleadings, motions and demurrers

desired to be presented, including answer or return, and all issues shall be argued at the hearing, the applicant opening and closing, and the parties being allowed the same time as upon argument of appeals. If testimony becomes necessary a reference will be ordered."

Since relator made no appearance there was no opening and closing argument as provided for in the above rule; the answer and return of the respondent court raised certain issues which stand uncontroverted on the record before us. Relator having sought relief herein, failure to appear upon the return day to prosecute such application must be deemed an abandonment thereof.

For these reasons the order to show cause is vacated and the proceeding is dismissed.