STATE OF MONTANA ex rel. SHERILL STEVENS, Re-
LATOR, v. THE DISTRICT COURT OF THE FOURTH JU-
DICIAL DISTRICT of the State of Montana, in and for
the COUNTY OF RAVALLI, and HONORABLE E. GARD-
NER BROWNLEE, Judge of the Court aforesaid, Re-
SPONDENTS.

No. 11027.
Submitted October 22, 1965. Decided November 8, 1965.
407 P.2d 702.

Koch and McKenna, Hamilton, for respondents.

Donald W. McKenna, Hamilton, argued for respondents.

PER CURIAM:

On October 22, 1965, upon the application of relator this

court issued an alternative writ directed to the respondents requiring that a certain order of the respondent court as therein described be set aside and vacated or that the respondent district judge show cause why he had not done so. All proceedings in the district court were stayed until the further order of this court.

Respondents on November 4, 1965, filed their answer and return to the alternative writ and service thereof was made upon counsel for the relator on the same day.

On the return day, November 8, respondents appeared by counsel; no appearance was made on behalf of the relator.

In this cause the relator is the moving party and in response to his application the alternative writ was issued. Rule IV, sec. 8, of the Rules of the Supreme Court, provides:

"8. *Hearing. When had.* Unless otherwise ordered the hearing shall be had at the time fixed for the return. At or prior to the said return time the opposing party shall serve and file, without waiver, any and all pleadings, motions and demurrers desired to be presented, including answer or return, and all issues shall be argued at the hearing, the applicant opening and closing, and the parties being allowed the same time as upon argument of appeals. If testimony becomes necessary a reference will be ordered."

In State ex rel. Gillespie v. District Court, 142 Mont. 188, 382 P.2d 918, with respect to this Rule we stated:

"Since relator made no appearance there was no opening and closing argument as provided for in the above rule; the answer and return of the respondent court raised certain issues which stand uncontroverted on the record before us. Relator having sought relief herein, failure to appear upon the return day to prosecute such application must be deemed an abandonment thereof."

Relator's difficulties in the district court arose because neither he nor his counsel attended upon that court; we have received the same treatment.

410

For this reason the alternative writ is vacated, the stay order is withdrawn, and the proceeding is dismissed.